# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREG VAUGHN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 17-038-RAW-KEW ) |
| KEN KLINGER, Warden, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Dkt. 1). Petitioner is challenging the execution of his sentences in Stephens County District Court Case Nos. CF-2009-320 and CF-2011-106 and Grady County District Court Case No. CF-2010-216 (Dkt. 1).[1] He alleges he would be entitled to release from custody if the Department of Corrections would properly calculate his sentences. Respondent has filed a motion to dismiss, alleging Petitioner's petition is moot (Dkt. 8).

The record shows that on May 15, 2018, the Stephens County District Court entered an Order Nunc Pro Tunc which modified Petitioner's sentence in CF-2011-106 to run concurrently with his sentence in CF-2009-320 (Dkt. 8-2 at 1). The next day, Petitioner was discharged to probation supervision (Dkt. 8-1). According to his Certificate of Release, all applicable credits were applied to Stephens County Case Nos. CF-2009-320 and CF-2011-

---

[1] A discussion of Petitioner's numerous sentences may be found in *Vaughn v. Klinger*, No. CIV 16-425-RAW-KEW (E.D. Okla. Feb. 12, 2018).

106 and to Grady County Case No. CF-2010-216. *Id.* The Certificate of Release also noted that Petitioner was under a term of probation/parole/post-imprisonment supervision in Stephens County Case No. CF-2011-106 and Grady County Case No. CF-2010-216 until October 17, 2033.[2]

Petitioner did not file a response to Respondent's motion to dismiss. Therefore, on October 4, 2018, the Court directed Petitioner to show cause in writing by October 18, 2018, why Respondent's motion to dismiss should not be granted (Dkt. 9). Petitioner was advised that failure to show cause as directed would result in dismissal of this action. *Id.* Petitioner has not responded as directed.

After careful review, the Court finds this action should be dismissed for Petitioner's failure to comply with the Order entered on October 4, 2018. *See Cosby v. Meadors*, 351 F.3d 1324, (10th Cir. 2003) (citing Fed. R. Civ. P. 41(b)). *See also Tyree v. Boone*, 30 F. App'x 826, 827 (10th Cir. 2002) ("A district court has power to dismiss a case with prejudice for failure to prosecute or failure to comply with a court order.") (citing Fed. R. Civ. P. 41(b)).

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has

---

[2] Petitioner remains "in custody" for habeas corpus purposes with respect to Case Nos. CF-2011-106 and CF-2010-216 . *See Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963) (holding that parolee was in custody under his unexpired sentence because his release from physical confinement was conditioned on his reporting regularly to parole officer, remaining in a particular community, residence and job, and refraining from certain activities). *See also Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED, this action is DISMISSED WITH PREJUDICE for Petitioner's failure to comply with the Court's Order, and Respondent's motion to dismiss (Dkt. 8) is DENIED as moot. Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 16th day of November 2018.

**Dated this 16th day of November, 2018.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma